IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | CRIMINAL NO. |
| | § | 4:05-CR-00191 |
| v. | § | |
| | § | |
| JOHN SIDNEY HILLSMAN | § | |

### MEMORANDUM AND ORDER

On September 14, 2005, a jury found Defendant guilty of possessing with the intent to distribute a controlled substance and of possessing a firearm in furtherance of a drug trafficking crime. Now pending before the Court is Defendant's Amended Motion for a New Trial (Doc. # 55). Defendant argues that a new trial is warranted because of the Court's response to a question from the jury during deliberations, and because the final portion of the prosecutor's closing argument was improper. For the following reasons, Defendant's Motion is **DENIED**.

### I. Court's Response to Jury's Question

Defendant's first argument concerns the Court's response to a question from the jury during deliberations. After the jury had retired to deliberate on September 13, 2005, the jury sent out a note asking, "Is there any other information about Officer Oliver? Account of incident that we may consider." Officer Oliver had testified for the prosecution during trial. The Court's staff contacted both Defendant's attorney and the prosecutor, showed them the jury's note, and asked for their suggested responses. The attorneys reviewed the jury's note, and defense counsel suggested that the Court should respond, "No. Please refer to your jury instructions." The prosecutor agreed that the answer to the jury's question should be no, and also agreed with the phrasing suggested by defense counsel. After considering the responses of both attorneys, the

Court answered the jury's question in writing, with the words, "No. I am sorry." Defendant contends that the Court violated his Sixth Amendment right to the assistance of counsel by not giving defense counsel the further opportunity to object to the Court's response. Defendant further contends that by not reminding jurors to refer to their jury instructions, the Court violated his right to be presumed innocent.

The Fifth Circuit has analyzed a defendant's right to be consulted before supplemental jury instructions are given under Federal Rule of Criminal Procedure 43, which guarantees a defendant the right to be present at every stage of a trial. "That right requires that '[w]hen a communication is received from the jury, counsel should be informed of its substance and afforded an opportunity to be heard before a supplemental charge is given.'" *United States v. Bieganowski*, 313 F.3d 264, 293 (5th Cir. 2002) (quoting *United States v. McDuffie*, 542 F.2d 236, 241 (5th Cir. 1976)). In *Bieganowski*, the court held that the district court erred by responding to a jury note without ever notifying defense counsel of the communication. 313 F.3d at 293. Similarly, in *United States v. Sylvester*, the court held that the district court erred by failing to notify counsel before responding to a jury question, and that "[d]efendants were entitled to be apprised of the nature of these questions and were entitled to an opportunity to be heard in connection therewith." 143 F.3d 923, 928 (5th Cir. 1998) (quoting *Gomila v. United States*, 146 F.2d 372, 373 (5th Cir. 1944)).

Defendant, however, argues that his right to be notified and consulted about the jury's question should be analyzed not under Federal Rule of Criminal Procedure 43, but rather as a deprivation of his Sixth Amendment right to the assistance of counsel. Defendant urges that his Sixth Amendment right was violated by the Court's failure to give defense counsel an opportunity to object to its response to the jury's question, which differed from that suggested by

defense counsel. As Defendant notes, the Sixth Circuit has held that a trial court's failure to notify or consult with defense counsel prior to issuing a response to a jury question infringes upon the defendant's right to assistance of counsel during a critical stage of a judicial proceeding, in violation of the Sixth Amendment. *French v. Jones*, 332 F.3d 430, 438-39 (6th Cir. 2003).

Defendant was denied neither his right to be present under Federal Rule of Criminal Procedure 43, nor his Sixth Amendment right to counsel. Unlike the trial courts in *Bieganowski*, *Sylvester*, and *French*, this Court notified defense counsel of the jury's exact question. The Court then gave defense counsel the opportunity to be heard on the matter before issuing its response to the jury. In so doing, the Court satisfied any duty to notify and consult with Defendant regarding additional jury instructions. *See Bieganowski*, 313 F.3d at 293; *Sylvester*, 143 F.3d at 928. The Court was not required to give the response suggested by defense counsel or allow defense counsel an additional opportunity to object to the Court's answer. Rather, the Court "enjoys wide latitude in deciding how to respond to a question from the jury." *United States v. Mann*, 161 F.3d 840, 864 (5th Cir. 1998); *see also United States v. Stevens*, 38 F.3d 167, 170 (5th Cir. 1994). While the Court's response to the jury differed from that suggested by defense counsel, the Court first allowed Defendant the opportunity to be heard on the issue. This opportunity satisfied Defendant's right to be present and to have effective assistance of counsel.

Even if the Court somehow erred in responding to the jury's question, any error is harmless. Prejudice is not presumed, as Defendant suggests. The Supreme Court has noted that prejudice may be presumed from the "complete denial of counsel" at a critical stage of the trial. *United States v. Cronic*, 466 U.S. 648, 659 (1984). As discussed above, however, Defendant did not suffer a complete denial of counsel, as on the contrary, the Court notified and consulted with

defense counsel prior to responding to the jury's note. Rather, in cases such as this one, the Fifth Circuit has applied a harmless error standard. *Bieganowski*, 313 F.3d at 293 (finding that the court's failure to notify defense counsel of a jury communication was harmless); *Sylvester*, 143 F.3d at 928-29 (same); *McDuffie*, 542 F.2d at 241 (same); *United States v. Breedlove*, 576 F.2d 57, 60 (5th Cir. 1978) (same). Under a harmless error standard, "the failure to notify defense counsel of a jury communication is harmless when an 'answer to the jury's inquiry [is] distinctly responsive, . . . clearly state[s] the law, and no prejudice is shown.'" *Bieganowski*, 313 F.3d at 293 (quoting *Sylvester*, 143 F.3d at 928). When evaluating the adequacy of the court's response to a jury question, attention should be given to "whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *Mann*, 161 F.3d at 864 (citing *Stevens*, 38 F.3d at 170). A supplemental instruction to the jury should not be viewed in isolation, but rather considered in combination with the original charge. *United States v. Daniels*, 281 F.3d 168, 184-85 (5th Cir. 2002).

Here, the jurors asked the Court whether there was additional information about a witness that they could consider. The answer to such a question is very clearly "no," and the Court so instructed the jury. This answer was directly responsive to the jury's question and correctly stated the law. The additional phrase suggested by defense counsel, "please refer to your jury instructions," was unresponsive to the jury's question and unnecessary. Moreover, to refer the jury to their jury instructions in response to this particular question would have created confusion, suggesting to the jury that there was some information about Officer Oliver or an account of the incident contained within the original instructions. The Court had already instructed the jury that it "must consider only the evidence presented during the trial, including

-4-

the exhibits that were received into evidence and the sworn testimony of the witnesses." The Court's negative response to the jury's question, in combination with its original instructions, correctly stated the law and allowed the jury to understand the issues before it. The error, if any, was harmless and does not warrant a new trial.

**II.     Prosecutor's Closing Argument**

Defendant's second argument concerns remarks made by the prosecutor at the end of his closing argument. Urging jurors to picture themselves telling a friend or family member about the trial, the prosecutor outlined the evidence presented in the case. The prosecutor then asked jurors to imagine the friend or family member asking them what they did about it. During the prosecutor's argument, and again a few minutes after the jury had adjourned to deliberate, defense counsel objected to the prosecutor's closing argument, arguing that the prosecutor's final comments constituted an improper appeal to the jury's fear of community reaction to its verdict. The government maintained that its argument was not improper, but rather a summary of the evidence. After hearing argument from both sides, the Court brought the jury out of deliberation and instructed them not to be influenced by fear of the community's reaction to their verdict. This instruction was at the request of defense counsel, who stated that he did not wish to move for a mistrial. Defendant now argues that the Court's additional instruction to the jury did not entirely cure the harm.

A prosecutor may not invoke a jury's fear of the community's reaction to its verdict. *Hale v. United States*, 25 F.2d 430, 440 (8th Cir. 1928) ("jurors should not be diverted from the exercise of a dispassionate judgment upon the merits through fear of popular denunciation or hope of popular approval"). Here, although the prosecutor's remarks did not explicitly tell jurors to consider the community's reaction to their verdict, the remarks were unnecessary and, perhaps

– on slightly different facts – could be subject to misinterpretation. The Court's strong preference is not to edit unduly lawyers' presentations, but closing arguments by the government in a criminal trial are understandably subject to special scrutiny. On balance, the Court would prefer that the line of argumentation used in this instance not be used again. On the facts of this case, however, and with the curative instruction that was requested and given, the comments in question were not prejudicial and do not warrant a new trial.

In deciding whether a prosecutor's comments prejudiced a defendant, the Fifth Circuit has considered "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt." *United States v. Duffaut*, 314 F.3d 203, 211 (5th Cir. 2002). A prosecutor may appeal to the jury to act as the conscience of the community, so long as the comments are not "calculated to inflame." *Id.* (quoting *United States v. Brown*, 887 F.2d 537, 542 (5th Cir. 1989)). Here, the comments to which Defendant objects comprised only the last portion of the prosecutor's closing argument. The evidence of Defendant's guilt, which included testimony from an officer who claimed to have seen Defendant in possession of cocaine and evidence of Defendant's prior convictions for drug crimes, was sufficient for the jury to have reached its verdict of guilty. Most importantly, any harm caused by the prosecutor's comments was remedied by the Court's additional instruction that the jurors must not consider the community's reaction to their verdict. At the time of the Court's instruction, Defense counsel agreed that the instruction adequately cured any impropriety in the prosecutor's comments and specifically pointed out that he did not wish to move for a new trial on this ground.

Other courts have found prosecutorial comments to be harmless in cases similar to this one. In *Harris v. Cockrell*, for example, the Fifth Circuit found that a prosecutor's urge for the

jury to reach "the verdict that family and those police officers and the people of Jefferson County know is proper in this case" had not rendered the trial fundamentally unfair. 313 F.3d 238, 245 (5th Cir. 2002). Similarly, a prosecutor's comment to a jury that, "your neighbor and friend would say to you, 'Well, I'm sure that that's pretty strong evidence. What did you do, convict the guy in five minutes?'" was held to be proper in *Bell v. Lynbaugh*, 663 F. Supp. 405, 420 (E.D. Tex. 1987). Like the prosecutorial arguments in *Harris* and *Bell*, the comments in this case did not prejudice the jury and were cured by the Court's contemporaneous instruction. A new trial is not warranted on this basis.

### III. Conclusion

Defendant's Amended Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 4th day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**